[616 NYS2d 94]

In the Matter of KEVIN G. McKEON (Admitted as KEVIN GARRY McKEON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 8, 1994

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Nicholas C. Cooper,* Wayne, Pennsylvania, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent is charged with a total of 14 allegations of professional misconduct in a petition dated August 4, 1993, and a supplemental petition dated January 21, 1994. The Special Referee sustained Charges One through Four and Six through Fourteen in their entirety. He sustained Charge Five only with respect to the allegation that the respondent had made a false and misleading statement to a client. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent cross-moves (1) to hold in abeyance the Grievance Committee's motion to confirm and (2) to remit the matter to the Special Referee to permit him to expand his report to specifically state that the respondent's misconduct was caused by or related to the mitigating factors that were raised by the respondent in his answer and supplemental answer and that were recognized by the Special Referee in his findings of fact. In the alternative, the respondent seeks to confirm the report of the Special Referee and to limit any sanction imposed to a censure.

Charge One alleges that the respondent neglected a legal matter that was entrusted to him. In or about October 1988 Mario P. Aponte, Jr., retained the respondent to prepare a marital separation agreement and paid the respondent a fee of approximately $700. The parties executed the separation agreement on or about March 2, 1989. Then, in or about July 1990, Mr. Aponte retained the respondent to commence a divorce action on his behalf for a legal fee of approximately $500. The respondent filed divorce papers in or about July 1991 and was advised by the matrimonial clerk that the papers required redrafting. After consulting with Mr. Aponte, the respondent concluded that the original papers were properly drafted. He made no further attempt to refile the papers or to conclude the matter.

Charge Two alleges that the respondent neglected a legal matter that was entrusted to him. In or about August 1990 Ana Gonzalez retained the respondent to represent her regarding her claim that her daughter had named her as a cosigner of a car loan without her permission. Ms. Gonzalez paid a legal fee of $100 to the respondent. After contacting the lending bank and providing it with a notarized statement

verifying Ms. Gonzalez' signature, the respondent failed to communicate with the bank or with his client to determine whether the problem had, in fact, been resolved.

Charge Three alleges that the respondent neglected a legal matter that was entrusted to him. In or about March 1989 Norma Reyes retained the respondent to represent her with respect to an uncontested divorce and paid the respondent a fee of $590. After drafting and serving the divorce papers, the respondent failed to file the papers with the court, and he failed to obtain a judgment of divorce for Ms. Reyes. After she filed a complaint with the Grievance Committee, the respondent engaged the Judicial Abstract Company, which prepared another set of papers and served Ms. Reyes' husband. The Judicial Abstract Company, however, never filed the papers with the court, and the respondent took no further action to complete the matter. In the spring of 1993 the respondent refunded the $590 fee to Ms. Reyes and returned her file.

Charge Four alleges that the respondent neglected a legal matter that was entrusted to him. In or about October 1985 Margaret Deeg retained the respondent to commence an action against the City of New York to recover damages for injuries that she had sustained as a result of false arrest. The respondent failed to pursue the matter after commencing the action on Ms. Deeg's behalf. In 1993, after Ms. Deeg filed a complaint with the Grievance Committee, the respondent filed a Notice of Judicial Intervention in order to secure the depositions of all of the parties. The matter is currently pending in the Supreme Court, New York County.

Charge Five alleges, in part, that the respondent made false and misleading statements to a client. During the course of the Grievance Committee's investigation into a complaint of professional misconduct that was filed by Margaret Deeg in or about April 1992, the respondent, on or about October 24, 1992, provided the Grievance Committee with a copy of a letter dated October 22, 1992, which was purportedly written by him and addressed to Ms. Deeg. In that letter, the respondent represented that he had moved to schedule an examination before trial. In fact, the respondent had not filed any such motion.

Charge Six alleges that the respondent neglected a legal matter that was entrusted to him. Philomena L. Taylor retained the respondent to commence a divorce action on her behalf. The respondent commenced the action and the defen-

dant filed an answer in or about February 1989. Examinations before trial were held in or about March 1989. The respondent failed to place the case on the court calendar until about June 1990, after his client had filed a complaint against him with the Bronx Bar Association. Hearings were held in the matrimonial action in December 1990 and January 1991, and the respondent was directed to file a written summation with the court. The respondent failed to submit the requested summation. The matter is still pending.

Charge Seven alleges that the respondent neglected a legal matter that was entrusted to him. After being retained, in or about 1989, to probate the estate of Thomas O'Callaghn, the respondent failed to diligently pursue the matter. In or about June 1992, the nominated executor of the estate, the Reverend Monsignor Joseph T.V. Snee, through the attorney for the Catholic Archdiocese of New York, demanded a status report and the return of all original documents. The respondent failed to release the file until approximately October 1992 after Monsignor Snee had filed a complaint with the Grievance Committee alleging professional misconduct by the respondent. Although the respondent had prepared the necessary papers for filing with the Surrogate's Court, the respondent did not file those papers and did not conclude the matter.

Charge Eight alleges that the respondent neglected a legal matter that was entrusted to him. In or about July 1988 Joel D. Mischel retained the respondent to commence a divorce action on his behalf and paid the respondent $1,000 of a total legal fee of $1,500. The respondent negotiated a separation agreement with the attorney for Mr. Mischel's wife and drafted divorce papers for an uncontested divorce. However, the respondent failed to file the divorce papers. After Mr. Mischel obtained a Small Claims Court judgment against him in July 1992, the respondent delivered the file to him with a check for the refunded fee.

Charge Nine alleges that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee. On or about April 8, 1993, the Grievance Committee received a complaint from Denise Kochilas alleging professional misconduct by the respondent. The Grievance Committee sent the complaint to the respondent with a written request for his answer within 10 days. When the respondent failed to answer, a second request was sent to him, via certified mail, on or about May 19, 1993. On or about May 27, 1993, the Grievance Committee received another complaint from Serafina Letizia

alleging professional misconduct by the respondent. This complaint was also sent to the respondent with a request for his answer within 10 days. The respondent has failed to submit a written answer to either complaint. On or about September 4, 1993, after service of the petition and the interposition of an answer, the respondent sent the Grievance Committee two letters stating, in substance, that he believed that the complaints could be resolved and that he was undertaking to resolve those matters. By a letter dated February 25, 1994, the respondent admitted that the statements contained in the complaints were essentially true.

Charge Ten alleges that the respondent failed to comply with the lawful demands of the Grievance Committee in connection with an investigation of his professional misconduct. On February 19, 1993, the respondent appeared at the Grievance Committee's offices pursuant to a judicial subpoena and was asked to provide, by March 19, 1993, status reports on all of the complaints that were pending against him. Although his request for a one-week extension was granted, the respondent failed to provide the information that he had agreed to provide, and he failed to communicate with the Grievance Committee.

Charge Eleven alleges that the respondent neglected a legal matter that was entrusted to him. In or about March 1989 Denise Kochilas retained the respondent to commence a divorce action. In or about May 1990 the respondent advised Ms. Kochilas that her husband had signed the necessary affidavit and that the respondent had to file the papers with the court. Ms. Kochilas paid the balance of the respondent's $500 legal fee in or about July 1990. The respondent thereafter failed to take appropriate action to conclude the matter.

Charge Twelve alleges that the respondent neglected a legal matter that was entrusted to him. In or about 1985, Serafina Letizia retained the respondent to bring an action to recover damages for injuries she sustained in a fall on a sidewalk near her home. The respondent failed to take appropriate action to complete the case on his client's behalf. The respondent also failed to reply to the inquiries of Ms. Letizia and of Robert J. Warner, Esq., who inquired on Ms. Letizia's behalf, with respect to the status of the lawsuit.

Charge Thirteen alleges that the respondent neglected a legal matter that was entrusted to him. In or about September 1986 Frank Baron retained the respondent to commence a

civil action to recover damages for defamation of character and paid the respondent a fee of $1,000. The respondent failed to take appropriate action to conclude the matter. The respondent also failed to respond to the inquiries of Mr. Baron and of Clement Segal, Esq., who inquired on Mr. Baron's behalf, with respect to the status of the lawsuit.

Charge Fourteen alleges that the respondent failed to cooperate with a legitimate investigation of the Grievance Committee. On or about December 6, 1993, the Grievance Committee received a complaint from Frank Baron Alleging professional misconduct by the respondent. The Grievance Committee sent the complaint to the respondent on or about December 13, 1993, with a request for his written answer within 10 days. To date, the respondent has failed to submit a written answer. Following service of the supplemental petition and after interposing an answer thereto dated January 31, 1994, the respondent submitted a letter to the Grievance Committee stating that the statements set forth in the complaint were essentially true.

Upon a review of the evidence adduced, we conclude that the Special Referee properly found that the present charges are supported by a preponderance of the evidence. The respondent is guilty of the professional misconduct alleged.

In determining an appropriate measure of discipline to impose, we have considered the substantial mitigating factors advanced by the respondent. These include his alcoholism, from which he has been recovering since February 1992; the physical and mental distress attendant upon the care of his daughter, who suffers brain damage; his marital discord; and his recurring skin cancer. Under these circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is granted only to the extent that the Special Referee's report is confirmed, the cross motion is otherwise denied in all respects; and it is further,

Ordered that the respondent, Kevin G. McKeon, is suspended from the practice of law for a period of three years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for

reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he has refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kevin G. McKeon, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.